Barrett, adm'r, vs. Jackson et al.

---

D. R. BARRETT, administrator of A. P. Bailey, deceased, plaintiff in error, *vs.* J. W. JACKSON *et al.*, defendants in error.

By the 3978th section of the Code, the Judge of the Superior Court may issue a *certiorari* to correct errors in the Inferior Court, and Court of Ordinary.

Since the organization of the County-Court, that Court, and not the Inferior Court, according to the provisions of Irwin's New Code, had jurisdiction to hear and determine the question of the abatement of a nuisance, caused by a mill-dam, on the 27th December, 1867.

*Certiorari.*    Jurisdiction.    Decided by Judge PARROTT. Gordon Superior Court.    October Term, 1868.

Jackson and Nathaniel Nicholson made complaint, before a Justice of the Inferior Court of said county, that a mill-dam, in said county, belonging to Bailey's estate, was a nuisance.

The trial took place before three Justices of the Inferior Court, on the 27th of December, 1867.

Objection to one of the jurymen, and to some of the evidence of plaintiff, and to the circumstances attending the delivery of the verdict, were made by the defendants' attorney, but they do not touch the points upon which the cause turned. There was much evidence, *pro* and *con*, as to the sickness in the neighborhood of the dam, and as to whether the dam caused it. The jury found that the dam was a nuisance.

The defendants' attorney moved to arrest the judgment, upon several grounds, founded upon the unreported facts, and upon the ground that said Justices had no jurisdiction to try said cause. This motion was overruled. The defendants' attorney thereupon, sued out *certiorari*, which was issued, not by the Clerk, but by the Judge of the Superior Court.

When this *certiorari* was called for argument, attorney for defendants in *certiorari* moved to dismiss it, because it was issued by the Judge and not by the Clerk. The Court overruled the motion. But after argument had, he refused to sustain the *certiorari*, thereby affirming the judgment below.

Attorney for defendants in error complain at the refusal to dismiss the *certiorari*, and in the same bill of exceptions, the attorney for the plaintiff in error complains at the affirmance of the judgment below.

W. H. DABNEY for plaintiff in error.

W. AKIN for defendants in error.

WARNER, J.

The first ground of error assigned in this record is, that the Court below refused to dismiss the plaintiff's *certiorari*. By the 4026th section of the Code, the abatement of a nuisance caused by a mill-dam, was to be tried by the "Inferior Court," in the manner therein specified. Assuming that the "Inferior Court" of Gordon county had jurisdiction, at the time and place of trial, then, the *certiorari* was properly issued

Barrett, adm'r, *vs.* Jackson *et al.*

by the Judge of the Superior Court. The 3974th section of the Code declares, that "when either party in any cause, in any Inferior Court, or Court of Ordinary, shall take exceptions to any proceeding, or decision, in any cause, etc., such party may petition the Judge of the Superior Court for a writ of *certiorari*, and if the Judge shall deem the objections. sufficient, he shall forthwith issue a writ of *certiorari*, directed to the Clerk of such Inferior Court," etc. As the abatement of the nuisance was tried before the Inferior Court, we think the *certiorari* was properly issued by the Judge of the Superior Court in this case, and therefore, affirm the judgment of the Court below upon this assignment of error.

The plaintiff in *certiorari* in the Court below insisted, that the Inferior Court of Gordon county, at the time of the trial, to-wit: on the 27th day of December, 1867, did not have jurisdiction, to hear and determine the question of nuisance caused by a mill-dam. The Court, however, held, that the "Inferior Court" had jurisdiction, and that decision is assigned as error. Since the organization of the County-Court, and the powers conferred upon that Court being embraced in the new Code, and the powers of the Inferior Court being *limited* by that new Code, to county matters *exclusively*, it is extremely difficult for this Court to hold, that the Inferior Court of Gordon county had jurisdiction of the subject matter of the nuisance mentioned in the record, for the purpose of hearing and determining the same, at the time the trial was had. We think that a fair construction of the Code requires us to hold, that the jurisdiction of the Inferior Court over all questions not specially conferred upon that tribunal by the 345th, 346th and 347th sections of Irwin's New Code, were intended to be taken away from that Court, and vested in the County-Court. It is true, that the power to try the question of *nuisance* is not in terms expressly conferred upon the County-Court, or the County-Judge, but we think the general power with which that Court, and Judge, is clothed by the Act organizing that Court, would authorize it to exercise jurisdiction over such judicial questions as, prior to that time, were devolved upon the Inferior Court, the more espe-

cially, as the jurisdiction over such questions is taken from the Inferior Court, and its jurisdiction *limited* to county matters. The 311th section of the Code declares, that the enumeration of the powers of the County-Judge shall not be *exhaustive;* but the County-Judge may, in general, exercise *all* such powers as are *essential to the functions granted,* and we think, it is a fair construction of the Code as it stood at the time of the trial, to hold, that it was essential to the exercise of the functions of the County-Judge, which had been conferred upon him by the Code, that he should, upon complaint made, as provided in the 4026th section thereof, have proceeded in the manner as prescribed therein, to hear and determine the question of the abatement of the nuisance, instead of the Inferior Court. That such was the *intention* of the Legislature, is manifested by the fact, that in regulating the costs of the County-Judge by the 313th section of the Code, it is provided that he shall receive three dollars in certain named cases, including "*abatement of nuisances.*"

There were several other questions made in the record, but the view which we have taken of the question of the jurisdiction of the Court, renders it unnecessary to express any opinion in regard to them. Let the judgment of the Court below be reversed, on the ground of want of jurisdiction.